UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTY CALDWELL, Administratrix of the                                         PLAINTIFF
Estate of Rebecca Cay Caldwell

v.                                                         CIVIL ACTION NO. 3:01CV-195-S

CITY OF LOUISVILLE, et al.                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, City of Louisville, for summary judgment in this civil rights action. The parties have briefed the issue of whether the recent United States Supreme Court case of *Town of Castle Rock, Colorado v. Gonzales*, 125 S.Ct. 2796 (2005) mandates dismissal of the claims against the City. We agree with the City that the claims against it must be dismissed.

This action arose from the strangling death of the plaintiff's decedent, Rebecca Cay Caldwell. The facts of the case have been recited in full in the opinion of the United States Court of Appeals for the Sixth Circuit, *Caldwell v. City of Louisville,* No. 03-5342 (6th Cir. December 10, 2004), and need not be restated here. To the extent that the facts found by the appellate court are relevant to our decision, they will be incorporated herein.

The City contends that *Town of Castle Rock* is dispositive of the claims against it, as it established under similar facts that the failure to serve an arrest warrant did not give rise to a due process claim in a third-party victim. The court stated in pertinent part:

> In light of today's decision and that in *DeShaney*, the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor its "substantive" manifestations. This result reflects our continuing reluctance to treat the Fourteenth Amendment as " 'a font of tort law,' " *Parratt v. Taylor,* 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), (quoting, *Paul v. Davis*, 424 U.S., at 701, 96 S.Ct. 1155), but it does not mean States are powerless to provide victims with personally enforceable remedies. Although the framers of the Fourteenth

> Amendment and the Civil Rights Act of 1871, 17 Stat. 13 (the original source of § 1983), did not create a system by which police departments are generally held financially accountable for crimes that better policing might have prevented, the people of Colorado are free to craft such a system under state law. Cf. *DeShaney*, 489 U.S., at 203, 109 S.Ct. 998.

*Town of Castle Rock*, 125 S.Ct. at 2810.

We find the *Town of Castle Rock* case and the case at bar to be factually indistinguishable. In *Town of Castle Rock*, divorce proceedings were in progress in the local court system. A restraining order had been issued against the father of the children of the marriage several weeks prior to the incident in issue. After the father took his three daughters from outside their home, the girls' mother attempted to obtain enforcement of the restraining order against him. The father was subject to arrest pursuant to the explicit terms of the order, but the police delayed in pursuing the matter. Despite their knowledge of the recently issued restraining order and the mother's repeated attempts to secure their cooperation, the police delayed in pursuing the matter. The complaint averred that the officer who took the report "made no reasonable effort to enforce the TRO or locate the three children. Instead, he went to dinner." *Town of Castle Rock*, 125 S.Ct. at 2802. The father subsequently murdered his three daughters and was then shot to death by police outside the police station.

In the case at bar, the police responded to Caldwell's allegations of abuse at the hand of her live-in boyfriend a number of weeks prior to her death. The boyfriend was released on bond after his arrest. Caldwell later recanted and went so far as to file an internal affairs complaint criticizing the officers' intervention on her behalf. One of the officers pursued a criminal complaint after Caldwell's refusal to do so. A second warrant was issued but was not served in time to rearrest Caldwell's boyfriend before he strangled her to death.

Thus both *Town of Castle Rock* and the case at bar possess the similar feature of court involvement in the affairs of the victim, through the issuance of a restraining order in the former and a criminal complaint for domestic violence in the later case. It was urged in each instance that the

- 3 -

refusal to act upon a warrant coupled with the existence of internal procedures that permitted such delays resulted in the denial of due process by the cities when there was no intervention preventing the victims' deaths.  The Supreme Court held in *Town of Castle Rock*, however, that no due process claim, either procedural or substantive, had been stated against the town of Castle Rock.  We must reach the same conclusion here.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, City of Louisville, for summary judgment (DN 67) is **GRANTED** and the action is **DISMISSED**.  There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**