UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

Jeffrey A. Apperson, Clerk

OCT 2 9 2008

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CHRISTY CALDWELL, Administratrix of the
Estate of Rebecca Cay Caldwell, deceased

PLAINTIFF

v.

CIVIL ACTION NO. 3:01CV-195-S

CITY OF LOUISVILLE

DEFENDANT

### COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony, both live and by deposition, and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

### Part I

Christy Caldwell has brought this action on behalf of the estate of her daughter, Rebecca Caldwell, under 42 U.S.C. § 1983, a civil rights law that provides a remedy to persons who have been deprived of their federal constitutional rights by state actors. A "state actor" is one who acts using power possessed by virtue of some governmental authority. The Louisville Division of Police and its officers are state actors.

As a general rule, state actors do not have an affirmative duty to protect citizens from private acts of violence. An exception to this rule exists, however, if state actors take affirmative steps which increase the risk of harm to its citizens.

In this case, Christy Caldwell claims that Detective Mary Lett of the Louisville Division of Police, through an affirmative act, substantially increased the likelihood that Caldwell would be seriously harmed by Benjamin Mills than if she had not acted. Christy Caldwell further claims that the Louisville Division of Police failed to protect Rebecca Caldwell from Benjamin Mills by later failing to take action to protect her from such increased risk of harm.

In order to succeed on her claim, Christy Caldwell must prove that it is more likely true than not true that:

1.  Officer Lett of the Louisville Division of Police took affirmative steps that created or substantially increased the risk of serious harm to Rebecca Caldwell;

2.  The Louisville Division of Police knew of the substantial and increased risk of serious harm to Rebecca Caldwell;

3.  The Louisville Division of Police acted or failed to act in a manner demonstrating reckless or callous indifference toward Rebecca Caldwell's

rights in connection with the substantial and increased risk of serious harm to Caldwell; <u>and</u>

    4.    Rebecca Caldwell was harmed by the conduct of the Louisville Division of Police.

In determining whether Officer Lett took affirmative steps that created or substantially increased the risk of serious harm to Rebecca Caldwell, you need not decide whether those steps were proper or improper, wise or unwise.

## <u>Part II</u>

The City of Louisville cannot be held liable solely because it employed Detective Lett. In order to find liability against the City of Louisville, you must find that Rebecca Caldwell's harm was caused by a constitutional violation for which the City has responsibility.

Therefore, even if you have found a constitutional violation under Part I of this instruction, you must determine from the evidence whether it is more likely true than not true that:

    1.    The Louisville Division of Police acted in this instance pursuant to a custom or practice or an official policy of the City of Louisville; <u>and</u>

    2.    There was a direct causal link between such custom, practice or policy and the harm to Rebecca Caldwell.

"Custom or practice" means any permanent, widespread, well-settled course of conduct that constitutes a standard operating procedure of the City of Louisville.

If you have found that Christy Caldwell has proven all of the elements set out in both Parts I and II of this instruction, you will find for the plaintiff on Verdict Form A and proceed to the next instruction. If you have found that any element was not proven by Christy Caldwell, you will find for the defendant on Verdict Form A, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

## DAMAGES

Having found for the plaintiff on Verdict Form A, you will proceed to determine what sum or sums of money you believe will fairly and reasonably compensate Rebecca Caldwell's estate for the harm you believe from the evidence she actually sustained by reason of the unconstitutional conduct of the defendant.

You should consider the following claims of damage:

1. Emotional pain resulting from Benjamin Mills' assault upon and killing of Rebecca Caldwell.

2. Physical pain resulting from Benjamin Mills' assault upon and killing of Rebecca Caldwell.

3. Impairment of Rebecca Caldwell's power to labor and earn money by virtue of her death.

4. Funeral expenses.

The plaintiff must show that the harm would not have occurred without the defendant's unconstitutional conduct. The plaintiff must also show that the defendant's unconstitutional conduct played a substantial part in bringing about the harm, and that the harm was either a direct result or a reasonably foreseeable consequence of the defendant's unconstitutional conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law

does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You will record your verdict on Verdict Form B, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

**VERDICT FORM A**

| 𝕺nited 𝕾tates 𝕯istrict 𝕮ourt | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>CHRISTY CALDWELL, Administratrix of the<br>Estate of Rebecca Cay Caldwell, deceased<br><br>v.<br><br>CITY OF LOUISVILLE | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:01CV-195-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :**


_____     For the plaintiff, Christy Caldwell, on behalf of the Estate of Rebecca Caldwell.


_____     For the defendant, City of Louisville.

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM B**

| 𝖀𝖓𝖎𝖙𝖊𝖉 𝖘𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | District<br><br>Western District of Kentucky |
|---|---|
| Case Title<br><br>CHRISTY CALDWELL, Administratrix of the<br>Estate of Rebecca Cay Caldwell, deceased<br>v.<br><br>CITY OF LOUISVILLE | Docket No.<br><br><br>CIVIL ACTION NO. 3:01CV-195-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE AWARD DAMAGES FOR THE PLAINTIFF, CHRISTY CALDWELL, ON BEHALF OF THE ESTATE OF REBECCA CALDWELL, AS FOLLOWS:

Emotional pain and suffering              $_____

Physical pain and suffering               $_____

Impairment of the power to labor and earn money    $_____

Funeral expenses                      $_____


TOTAL                               $_____


| Foreperson's Signature | Date |
|---|---|